[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-10423
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00491-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

ANTONIO JAMAL DAVIS,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 8, 2012)

Before BARKETT, PRYOR, and JORDAN, Circuit Judges.

JORDAN, Circuit Judge:

On October 27, 2011, Antonio Jamal Davis pled guilty to possession of a firearm by a felon. S*ee* 18 U.S.C. § 922(g). This offense carried a statutory maximum sentence of 10 years' imprisonment but no statutory minimum sentence. *See* 18 U.S.C. § 924(a)(2). Due to his prior criminal history, Mr. Davis' advisory range under the Sentencing Guidelines was 37-48 months' imprisonment. At Mr. Davis' sentencing hearing, the district court imposed a sentence of 37 months' imprisonment and explained that the sentence was based, in large measure, upon Mr. Davis' prior offenses (including a state conviction for possession of a firearm by a felon) and numerous revocations of probation. On appeal, Mr. Davis argues that the sentence was substantively unreasonable, and that the district court should have imposed a lesser sentence of 24 months given that he had undergone various positive changes in his life during the pendency of the case.

We review a sentence for substantive reasonableness under an abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). In so doing, "we do not, as the district court did, determine the exact sentence to be imposed." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). In fact, even if the district court's sentence is more severe or more lenient than the sentence we would have imposed, reversal is only warranted if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in

2

weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).  On this record, the district court's sentence was not substantively unreasonable.

First, Mr. Davis received a sentence that was within the advisory range under the Sentencing Guidelines.  Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quoting *Talley*, 431 F.3d at 788).  Under the Sentencing Guidelines, Mr. Davis was in Criminal History Category IV and, notably, had a prior conviction for possession of a firearm by a convicted felon in 2009.  D.E. 15 at 5.  In this case, the district court reasoned that Mr. Davis's sentence needed to "convince him that he just is not allowed to [possess firearms]." *Id*. at 14. The district court also concluded that a sentence at the low end of the guideline range would be sufficient "because the aggravating factors that exist *in this case*, principally the Defendant's criminal record, have already been taken into consideration in the calculation of the guideline range." *Id*. at 16 (emphasis added).  Therefore, the district court's reliance on the advisory guideline range was ultimately case-specific and not a rote application.  We find

3

nothing in the record to suggest that the district court's judgment was substantively unreasonable.

Second, the record reflects that the district court sufficiently considered the § 3553(a) factors.  At the sentencing hearing, the district court permitted Mr. Davis, through counsel, to argue in favor of a variance. D.E. 15 at 6-10.  The argument was heard, subsequently addressed, and rejected. *See*, *e.g.*, *id*. at 14 ("And the excuse that he has got a firearm because he wants to protect his family is just not going to be accepted. I applaud Mr. Davis for getting involved in his young child's life, but that's another reason why he shouldn't be having firearms . . .").

Mr. Davis nevertheless contends that the district court "fail[ed] to consider his life history and circumstances in its balancing of the Section 3553(a) factors."  Initial Br. at 7.  We disagree.  On the contrary, the district court expressly acknowledged that it considered the § 3553(a) factors including "the history and characteristics of the Defendant."  D.E. 15 at 16. *See also United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that an acknowledgment by the district court that it considered the factors set forth in § 3553(a) is generally sufficient).  Thus, what Mr. Davis is essentially arguing is that the district court did not give sufficient weight to the particular circumstances he raised at his sentencing hearing.  But, "we will not second guess the weight (or lack thereof) that the [district court] accorded to a given

4

factor . . . , as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (citations and quotation marks omitted) (emphasis in original). In this case, the district court considered all the relevant factors but chose to place a greater emphasis upon Mr. Davis' prior criminal history (including the same criminal violation three years earlier) and numerous violations of probation. D.E. 15 at 14. The district court is entitled to make that evaluation. *See Pugh*, 515 F.3d at 1192 (finding that a sentence is not necessarily unreasonable simply because the district court attached great weight to a single factor). We do not believe that the circumstances in this case cause that evaluation to be substantively unreasonable.

**AFFIRMED.**